IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ALBERT HAIGLER                                                                            PLAINTIFF

v.                                    No. 2:04CV00100 GH

KROGER COMPANY                                                                        DEFENDANT

**<u>ORDER</u>**

On February 3rd, defendant filed a motion to compel stating that its first sets of interrogatories and request for production of documents were served on December 5th so that responses were due on January 9th; that its counsel wrote plaintiff's counsel on January 31st about the overdue responses; and that while plaintiff's counsel advised on February 2nd that full responses would be provided, no responses have been received. The letter attached as an exhibit to the motion advises plaintiff's counsel that a motion to compel would be filed in five days if discovery responses were not received and that plaintiff's deposition would be noticed for February 9th.

Plaintiff, on February 10th, filed a motion to extend discovery deadlines and continue trial date. The motion recounts that, for much of 2004 and all of 2005, his counsel has been engaged in public service work in his community of Helena-West Helena, Arkansas including his role in the consolidation election, school board election, and his successful election as mayor as well as teaching the 9th grade English class at Central High School since September 26th as the school was without a permanent teacher and still has not obtained one. His counsel states that, given his involvement in various public interest cases, elections and teaching, he has not been able to give this

contingency employment discrimination case as much attention and care as he would have under other circumstances and that the case has basically languished since defendant answered the amended complaint after being served again.  Plaintiff asserts that his counsel has worked diligently over the past several days to get this motion prepared and to complete the outstanding discovery, that his counsel understood that defendant was making Freddie Short available for deposition, that the discovery deadline should be extended 90 days so that plaintiff can depose the people that defendant will rely on for summary judgment, that no continuance has previously been granted, and the activity in this file has been minimal so the defense cannot claim to have expended significant attorney hours and no prejudice is shown.

On February 24th, defendant responded in opposition to plaintiff's motion.  It contends that the motion was filed after the close of business on February 10th which was the final day of the discovery period without an attempt to communicate with its counsel about the motion; that none of the facts described by plaintiff excuse the neglect of his counsel in the prosecution of this lawsuit as no written discovery requests have been propounded by plaintiff nor any depositions taken; that plaintiff's counsel has refused to cooperate in defendant's discovery including refusing to make plaintiff available for a properly noticed deposition; that while plaintiff contends that defendant defaulted in its answer, the Court had to enter seven orders regarding service before plaintiff managed to effect service on defendant in July and has not participated in the case until the filing of the current motion, plaintiff propounded no written discovery requests and made no effort to schedule depositions beyond a vague assertion in a February 1st telephone call of a need to take depositions of some Kroger folks, and an attempt to reschedule plaintiff's deposition and depose four unidentified Kroger employees on February 8th after defendant's counsel had left for Helena.

Defendant argues that plaintiff should not be given a second opportunity to engage in discovery when he has done absolutely nothing to move this case forward since serving defendant with process on July 11th after repeated extensions with the only justification being his counsel's busy schedule.

While plaintiff's counsel should be commended for his willingness to take an active role in public service through his participation in the judicial, electoral, and educational processes, the fact remains that his choices for "much of 2004 and all of 2005" have resulted in this case not making much progress towards trial almost two years after it was filed. The complaint was filed on May 26, 2004, and it was only after numerous extensions of time for service to be perfected that the July 13, 2005 affidavit reflecting service on defendant was filed. After the answer to the amended complaint was filed on August 1st, the initial scheduling order was filed on August 16th setting out the proposed trial date of May 15th. The Rule 26(f) report filed on October 7th contained no objection to the propose trial date, proposed a discovery deadline of February 10th and a motion deadline of March 10th. The final scheduling order was filed on November 10th reflecting those dates. It was only because of defendant's efforts to obtain discovery responses and the noticing of plaintiff's deposition that plaintiff, less than two weeks before the discovery deadline, first raised the notion of seeking any discovery from defendant. Plaintiff's motion for extension of time to complete discovery and continue the trial date was not filed until almost 3 hours after close of business on the discovery cut-off date. While plaintiff states that he can complete discovery in 90 days, his counsel does not explain what will be different in the next three months from the past three months – especially when the motion reflects that his counsel is only in the law office one hour a day due to his teaching which the Court can only assume will last through the remainder of the school year.

In sum, given the history of this case, the Court cannot find good cause to extend the discovery deadline and/or continue the trial.

As the November 10th final scheduling order provided in part that "[a]ll motions pertaining to discovery matters must be filed within 15 days in advance of the discovery cutoff date to allow timely response and decision," defendant's February 3rd motion to compel filed only seven days prior to February 10th was untimely and will be denied. However, defendant will be permitted to take the deposition of plaintiff that was properly noticed for February 9th and plaintiff's counsel is directed to cooperate in the prompt rescheduling of that deposition.

Accordingly, defendant's February 3rd motion (#20) to compel and plaintiff's February 10th motion (#24) for extension of time to complete discovery and to continue the trial are hereby denied. Defendant will be permitted to take the deposition of plaintiff that was noticed for February 9th and plaintiff's counsel is directed to cooperate in the prompt rescheduling of that deposition.

IT IS SO ORDERED this 1st day of March, 2006.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE